NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HELBIG, | No. 09-70339 |
| Petitioner, | Tax Ct. No. 8011-06 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 8, 2010[**]
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

Robert Helbig, as trustee of the estate of Charles Don Helbig, appeals the

decision of the Tax Court that, based on disallowance of his claimed losses from

investing in a jojoba bean partnership, Helbig is properly liable for tax additions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for negligence for tax years 1983, 1984, and 1985 and a substantial understatement addition for tax year 1983. We review the Tax Court's findings of negligence for clear error. Little v. Comm'r, 106 F.3d 1445, 1449 (9th Cir. 1997). "We defer to the expertise which the Tax Court brings to bear on complex factual situations", Church by Mail, Inc. v. Comm'r, 765 F.2d 1387, 1390 (9th Cir. 1985), and we acknowledge here that the Tax Court had the benefit of a trial in making its factual findings.

We note as a preliminary matter that Helbig and his lawyer failed to respond to the Commissioner's request for admissions, including request number 21, which specifically asked Helbig to admit that he did not exercise due care in claiming the losses in question. Helbig v. Comm'r, T.C. Memo 2008-243 at 6-7. Thus, the request was properly deemed admitted. As the Tax Court found, the effect of this admission was to establish that Helbig failed to exercise due care. However, like the Tax Court we also consider the merits of this case and find that even without relying on the admission, the record establishes that the Tax Court did not commit clear error in finding Helbig was properly subject to the negligence additions.

Helbig argues that he acted as a reasonable investor when claiming his deduction by exercising due care and reasonably relying on the professional advice of his certified public accountant ("CPA"). The Tax Court properly cited Ninth

2

Circuit precedent that a negligence determination "depends upon both the legitimacy of the underlying investment, and due care in the claiming of the deduction." Sacks v. Comm'r, 82 F.3d 918, 920 (9th Cir. 1996). The Tax Court reasonably relied upon a previous case binding upon all partners in the Contra Costa Jojoba Research Partners in finding that the investment underlying this appeal "lacked legitimacy from its inception." Helbig v. Comm'r, T.C. Memo 2008-243 at 9. It further found "the R&D agreement was designed and entered into solely to provide a mechanism to disguise the capital contributions of the limited partners as currently deductible expenditures". Id.

Once the Commissioner has made a finding of negligence, the burden is on the taxpayer to show he exercised due care. Howard v. Comm'r, 931 F.2d 578, 582 (9th Cir. 1991). It was not clear error for the Tax Court to conclude, on the record at trial, that Helbig did not meet this burden and thus find him liable for the negligence addition. Although Helbig consulted his CPA, among other individuals, about this investment, the Tax Court found "the nature of their advice to [Helbig] is unclear." Helbig v. Comm'r, T.C. Memo 2008-243 at 11. Because Helbig offered only "vague or equivocal descriptions of the advice offered" by his CPA, id., the Tax Court did not err in finding Helbig did not exercise due care in

3

claiming the deduction. We have never held that simply consulting a CPA serves as a safe harbor for the taxpayer.

Further, the Tax Court found the promotional placement letter emphasizing the tax benefits of the investment "should have served as an ample warning regarding the suspect nature" of the investment. Id. at 12. In particular, the court found Helbig's claimed tax deduction in 1983, amounting to 227 percent of his initial investment, also "should have raised a red flag to [Helbig] regarding the propriety of deductions relating to" the partnership. Id. at 13. In light of Helbig's vague testimony before the Tax Court and the inadequacy of other evidence, the Tax Court did not err in finding Helbig's "actions were simply unreasonable under the circumstances of this case." Id. at 14. The Tax Court thus did not err in finding "[t]he fact that [Helbig] passed by his advisers a one-and-a-half page advertisement is insufficient to shield him" from the negligence additions. Id. at 13-15.

Next, Helbig argues he should not be liable for the substantial understatement addition because he adequately disclosed his investment on a statement attached to his 1983 return. Helbig's 1983 tax deficiency qualified as a substantial understatement. Helbig did not raise any proper defenses to this penalty until his reply brief on this appeal. Even if these defenses were not

4

waived, we affirm the Tax Court's decision because Helbig did not adequately disclose relevant facts in the statement attached to his 1983 return, and he does not qualify for any other exception to the substantial understatement addition.

**AFFIRMED.**

Helbig v. Commissioner of Internal Revenue, No. 09-70339

SILVERMAN, Circuit Judge, concurring:

I concur in the Memorandum to the following extent: I would affirm the Tax Court solely on the ground that Helbig's failure to respond to the request for admissions resulted in a conclusive admission that he failed to exercise reasonable care.